# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3495

———————

Claude Thorn,                                    *
                                                 *
        Appellant,                          *
                                                 *  Appeal from the United States
    v.                                       *  District Court for the
                                                 *  Western District of Arkansas.
Tyson Foods, Inc.,                               *
                                                 *    [UNPUBLISHED]
        Appellee.                           *

———————

Submitted: December 30, 2005
Filed: January 10, 2006

———————

Before MELLOY, HANSEN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Claude Thorn appeals from the district court's[1] adverse grant of summary judgment in his action claiming sexual harassment and retaliation for protected activity. Upon de novo review, see Evers v. Alliant Techsystems, Inc., 241 F.3d 948, 953 (8th Cir. 2001) (standard of review), we affirm.

Specifically, the actions and comments Thorn complains of were not objectively "severe or pervasive" enough to alter a term, condition, or privilege of his

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

employment, <u>see</u> <u>Henthorn v. Capitol Commc'ns, Inc.</u>, 359 F.3d 1021, 1026-28 (8th Cir. 2004) (to establish prima facie case of hostile-environment sexual harassment, plaintiff must show, inter alia, that conduct was objectively "severe or pervasive" enough to alter term, condition, or privilege of employment); and Thorn's retaliation claims fail because he did not suffer an adverse employment action as a result of his complaints, <u>see</u> <u>Gilooly v. Mo. Dep't of Health & Senior Servs.</u>, 421 F.3d 734, 739 (8th Cir. 2005) (to establish Title VII retaliation claim, plaintiff must show, inter alia, an adverse employment action was taken following complaint); <u>Grey v. City of Oak Grove</u>, 396 F.3d 1031, 1034 (8th Cir. 2005) (same for Fair Labor Standards Act).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____